J-S22003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.               :
:
:
:
ALLEN VIDMOSKO            :
:
Appellant       :   No. 1119 MDA 2018

Appeal from the PCRA Order Entered June 14, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002279-2009

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:          **FILED JULY 30, 2019**

Appellant, Allen Vidmosko, appeals *pro se* from the order denying his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On December 21, 2009, [Appellant] pled guilty to one count of rape by forcible compulsion.[1]  In exchange, the other charges pending against him were nolle prossed.  The charges arose between September 1, 2008 and September 30, 2008 when [Appellant] engaged in sexual intercourse with a 13 year old victim.  On April 6, 2010, he was sentenced to 10 to 20 years.  He was represented by Bernard Brown, Esq.

_____

[1] 18 Pa.C.S. § 3121(a)(1).

_____

*   Retired Senior Judge assigned to the Superior Court.

On April 12, 2010, [Appellant] filed a Motion for Reconsideration of Sentence which this court denied [on April 13, 2010].[2]  On February 2, 2012, [Appellant] filed a Petition for Writ of Habeas Corpus and to Withdraw Guilty Plea which this court deemed a Petition for Post Conviction Collateral Relief.  Kurt Lynott, Esq. was appointed to represent [Appellant].  On March 8, 2012, the Commonwealth filed an answer and motion to dismiss.  On March 4, 2013, [Appellant] filed a Motion to Withdraw as Counsel Pursuant to a Turner-Finley[3] Letter which was granted by this court.  On June 4, 2013, this court issued a Notice of Intent to Dismiss the petition, and on July 30, 2013, dismissed the petition.  On August 12, 2013, [Appellant] filed a Notice of Appeal to the Superior Court.  On May 14, 2014, the Superior Court affirmed.  [Appellant] filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which was denied on October 21, 2014.

On July 21, 2015, [Appellant] filed a second PCRA petition.  On October 22, 2015, this court issued a Notice of Intent to Dismiss the petition, and on December 1, 2015, dismissed the petition.  On December 18, 2015, [Appellant] filed a Notice of Appeal to the Superior Court.  On July 18, 2016, the Superior Court affirmed.

On February 28, 2018, [Appellant] filed a third PCRA petition.  On April 19, 2018, this court issued a Notice of Intent to Dismiss the petition.  On May 16, 2018, [Appellant] filed an Objection to the Notice of Intent to Dismiss.  On June 14, 2018, this court dismissed the petition.  On July 6, 2018, [Appellant] filed a Notice of Appeal to the Superior Court, and this court ordered [Appellant] to file a concise statement of the matters complained of on appeal.  [Appellant] has not yet filed a concise statement.

---

[2] The PCRA court opinion states that the motion for reconsideration was denied on April 12, 2010, the same date it was filed.  The docket, however, reflects that the motion for reconsideration was denied on April 13, 2010.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 2 -

PCRA Court Opinion, 8/30/18, at 1-2. The PCRA court filed its Pa.R.A.P. 1925(a) opinion on August 30, 2018.

Appellant presents the following issue for our review: "Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing by declaring the Post Conviction Relief Act Petition facially untimely when [Appellant] filed the instant Petition timely within the allotted sixty (60) days of discovering the school records?" Appellant's Brief at 4. Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4]  A petition invoking one of these exceptions must be filed within one year of the date the claim could first have been presented.[5]  42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant was sentenced on April 6, 2010.  As stated, Appellant filed a timely motion for reconsideration on April

_____

[4]  The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[5] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented.  However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.  **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter.").  Although applicable to Appellant's instant petition, the change in the law from sixty days to one year does not impact our analysis.

12, 2010, which motion was denied on April 13, 2010. Appellant did not file a direct appeal.

Accordingly, Appellant's judgment of sentence became final on May 13, 2010, when the time for seeking a direct appeal with this Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) (providing that "notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken"). Therefore, Appellant had to file the current PCRA petition by May 13, 2011, in order for it to be timely. *See* 42 Pa.C.S. § 9545(b)(1) (a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until February 28, 2018. Thus, the petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden "to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269–270 (Pa. Super. 2016).

- 5 -

Appellant argues that records from the Philadelphia Education Department reflect "his level of education as well as his inability to properly litigate based upon mental handicap." Appellant's Brief at 10. Appellant maintains that "[w]ithout the proof of these documents provided by the Education department, [Appellant] would not be able to present documental proof of said illiteracy and mental deficiency." *Id.* at 11. Appellant posits that he "has clearly found evidence that places him well within the realm of newly discovered evidence." *Id.* at 11. Thus, it appears Appellant is arguing that the newly discovered facts exception to the time-bar applies in this case.

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commnowealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

> Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

*Id.* (internal citations omitted).

Appellant has failed to explain why he could not have learned of these alleged new facts earlier with the exercise of due diligence. Indeed, as stated by Appellant, these documents were school records. Appellant's Brief at 12. Thus, this evidence was available to Appellant from the time he was in the Philadelphia Education system. As a result, Appellant has failed to establish

that he could not have learned of this information earlier by the exercise of due diligence. Moreover, despite asserting that he filed his petition within sixty days of discovering this evidence, *id.* at 8, Appellant has failed to plead any facts regarding when he discovered this information. Accordingly, Appellant has failed to establish the application of the newly discovered facts exception to the PCRA time-bar in this case. Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).[6]

Order affirmed.

_____

[6] We also note that Appellant failed to file his court-ordered Pa.R.A.P. 1925(b) statement. Accordingly, if Appellant's PCRA petition had been timely filed and the PCRA court had jurisdiction to entertain it, Appellant's claim would be waived for his failure to file a Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Hill*, 16 A.3d 484, 491 (Pa. 2011) ("From this date forward, in order to preserve their claims for appellate review, [a]ppellants **must comply** whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. **Any issues not raised in a 1925(b) statement will be deemed waived.**") (quoting *Commonwealth v. Lord*, 719 A.2d 484, 491 (Pa. 2011)) (emphasis in original)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2019